IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEBBIE CARLTON, Individually, and as the
Administratrix of the Estate of MARTHA ANN
JANES, Deceased, and on behalf of the wrongful
death beneficiaries of MARTHA ANN JANES          PLAINTIFF

             v.           Civil No. 06-5234

NORTHPORT HEALTH SERVICES OF ARKANSAS,
L.L.C., d/b/a SPRINGDALE HEALTH AND
REHABILITATION CENTER; NORTHPORT
HEALTH SERVICES, INC.; NHS MANAGEMENT,
L.L.C.; and NHS LEASING AND CONSULTING, L.L.C.          DEFENDANTS

### O R D E R

Now on this 29th day of December, 2006, comes on for consideration **Plaintiff's Memorandum Motion To Remand As To Separate Defendant NHS Leasing And Consulting, L.L.C.'s Notice Of Removal** (document #2), and from said motion and the response thereto, and a telephone conference conducted on December 28, 2006, the Court finds and orders as follows:

1.  This wrongful death case was originally filed in the Circuit Court of Washington County, Arkansas, and had proceeded almost to the point of trial in that jurisdiction when the Complaint was amended to add a new party, NHS Leasing and Consulting, L.L.C. ("NHS Leasing").  NHS Leasing removed the matter to this Court, claiming both diversity and federal question jurisdiction.

2.  Plaintiff now moves to remand, contending that NHS Leasing ceased to exist as a legal entity on January 1, 2006,

Dockets.Justia.com

pursuant to a merger with defendant NHS Management, L.L.C. ("NHS Management"), and therefore could not file a valid notice of removal.

In support of her motion, plaintiff offers several pages of corporate records from the Arkansas Secretary of State, which include documents obtained from the Delaware Secretary of State, pertaining to NHS Leasing and NHS Management.  These records indicate that, effective on January 1, 2006, NHS Leasing merged into NHS Management, and that NHS Management was the "surviving" entity.

3.  Defendants oppose the remand.  They make the following arguments:

* Plaintiff does not deny that the Court has subject-matter jurisdiction based on diversity of citizenship, and the Court has a "virtually unflagging obligation" to exercise that jurisdiction;

* Plaintiff is judicially estopped from claiming that NHS Leasing lacks capacity because she sued NHS Leasing, thereby taking the position that NHS had the capacity to be sued;

* The Court would have to consider matters outside the pleadings to find that NHS Leasing lacks capacity in order to grant the Motion To Remand; and

* The Court would have to exercise jurisdiction to

-2-

determine that it lacks jurisdiction in order to grant the motion to remand.

4.    Turning first to the contentions of the defendant, the Court finds that none of them has merit.  It is true that the Court has the "virtually unflagging obligation" to accept jurisdiction, but it has no right to "usurp" jurisdiction that is not given.  **Quackenbush v. Allstate Insurance Co.**, **517 U.S. 706, 716 (1996).**  The issue here is one of removal jurisdiction, which must be strictly construed, with all doubts resolved in favor of remand.  **Wells Dairy, Inc., v. American Industrial Refrigeration, Inc.**, **157 F.Supp.2d 1018 (N.D. Iowa, 2001).**  Facts must be found to make the jurisdictional decision, but it is axiomatic that a court always has jurisdiction to determine jurisdiction, **Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp.**, **624 F.2d 822, 825 (8th Cir. 1980),** and may make findings of fact based on any part of the record so as to make that determination, **Yeldell v. Tutt**, **913 F.2d 533, 538 (8th Cir. 1990).**  Finally, because subject matter jurisdiction cannot be waived, **Yeldell**, **id.**, judicial estoppel will not suffice to create it.

5.    The procedure for obtaining removal jurisdiction is set forth at **28 U.S.C. §1446,** which provides in relevant part as follows:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise,

of a copy of the initial pleading setting forth the
claim for relief upon which such action or proceeding is
based, or within thirty days after the service of
summons upon the defendant if such initial pleading has
then been filed in court and is not required to be
served on the defendant, whichever period is shorter.

**28 U.S.C. §1446(b).**

The defendants concede that this case was removable at the time each of them received a copy of the initial Complaint, and that as to Northport Health Services of Arkansas, L.L.C., d/b/a Springdale Health and Rehabilitation Center; Northport Health Services, Inc.; and NHS Managment, the thirty-day time in which they could have removed the case has long since expired. Thus those defendants cannot, under the statute, remove the case.

As for NHS Leasing, it ceased to exist as a separate entity on January 1, 2006, and at the time the Notice Of Removal was filed, it was, in actuality, NHS Management. That being the case, the Notice Of Removal bringing the case here was actually filed by NHS Management which -- as explained above -- had long since lost its statutory right to file it. To allow this removal by NHS Management -- in the guise of being a removal by NHS Leasing -- would violate the statute governing removal, and this the Court cannot do.

**IT IS THEREFORE ORDERED** that **Plaintiff's Memorandum Motion To Remand As To Separate Defendant NHS Leasing And Consulting, L.L.C.'s Notice Of Removal** (document #2) is **granted,** and this

-4-

matter is **remanded to the Circuit Court of Washington County,**

**Arkansas.**

      **IT IS SO ORDERED.**

                                    **/s/ Jimm Larry Hendren**
                                **JIMM LARRY HENDREN**
                                **UNITED STATES DISTRICT JUDGE**